**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

**YVANNE PIERRE NOEL,**

**Plaintiff,**

**vs.**

**BANK of AMERICA, N.A.,**

**Defendant.**
_______________________________________/

## COMPLAINT FOR DAMAGES

Plaintiff Yvanne Pierre Noel, by and through undersigned counsel, sues Defendant Bank of America N.A. and alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff Yvanne Pierre Noel (hereinafter referred to as “Homeowner”) is a natural person, over the age of 21. She is a citizen and resident of Palm Beach County, Florida, and is otherwise sui juris.

2. Defendant, Bank of America N.A. (hereinafter referred to as “Bank of America”) is a Delaware corporation with its principal place of business in the state of North Carolina. Thus, Bank of America is a citizen of the states of North Carolina and Delaware, but not of Florida. Bank of America engages in substantial business activities throughout the State of Florida including Palm Beach County. Among other business activities, Bank of America is engaged in the business of originating and servicing federally related mortgages. As a mortgage servicer, Bank of America is responsible for the day-to-day management and administration of

mortgage loans on behalf of mortgage investors who participate in the secondary mortgage market. Bank of America is subject to specific federal laws and administrative regulations governing its mortgage servicing activities. These laws include, but are not limited to, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et. seq.* (hereinafter RESPA) and its implementing Regulation X, (12 C.F.R part 1024), hereinafter "Regulation X."

3. In this action, Homeowner pursues a claim under 12 U.S.C. § 2601, *et. seq.* (the Real Estate Settlement Procedures Act or "RESPA") against Bank of America. Thus, this action presents a federal question giving this Court subject matter jurisdiction over the RESPA claim under 28 U.S.C. § 1331. Plaintiff also brings separate claim for arising under the common law of the State of Florida for malicious prosecution. Because there is complete diversity of citizenship between the parties and the amount in controversy, including punitive damages, exceeds $75,000, this Court has diversity jurisdiction to adjudicate that claim pursuant to 28 U.S.C. § 1332.

## GENERAL ALLEGATIONS

4. Homeowner owns a home located in Palm Beach County, Florida. Bank of America originated and serviced a mortgage loan at the request of Homeowner's co-tenant Jean V. Joseph (hereinafter Mr. Joseph).

5. However, Homeowner never authorized Mr. Joseph to obtain a mortgage against that property and never executed the mortgage or any related documents. However, the mortgage identifies her as a "Homeowner."

6. The Bank of America mortgage referenced above is a "federally related mortgage loan" as that term is defined by 12 U.S.C. §2602.

7. On or about January 24, 2005, Homeowner obtained a final judgment from the 15th Judicial Circuit in and for Palm Beach County, Florida that provides "Defendant Bank of America and all persons claiming by, through or under Defendant Bank of America has no estate right, title, lien or interest in and to the property or any part of the property owned by Plaintiff." This judgment therefore extinguished any arguable claim by Bank of America and against Homeowner concerning the property.

8. On or about October 27, 2014, Bank of America initiated a mortgage foreclosure action by filing a "Verified Complaint to Foreclose Mortgage" in the 15th Judicial Circuit in and for Palm Beach County, Florida. The foreclosure complaint was verified, under penalty of perjury, by Helen C. Bowers, Assistant Vice President of Bank of America.

9. On February 12, 2015, Homeowner, through counsel, filed a motion for summary judgment, alleging that "Plaintiff [Bank of America] is collaterally estopped from asserting a lien against [Homeowner's] property by virtue of the final judgment quieting title entered by the court … and because Plaintiff has voluntarily recorded a satisfaction of mortgage extinguishing the very same lien it now seeks to foreclose." Nevertheless, Bank of America *still* sought to foreclose on Homeowner's property.

10. On February 27, 2015, Homeowner (through counsel) sent her first Qualified Written Request containing a "Notice of Error," as that term is defined by Regulation X (12 C.F.R. §1024.35). This Notice of Error alerted Bank of America to the final judgment entered in Homeowner's favor which extinguished Bank of America's lien and quieted title in Homeowner. Given this circumstance, the Notice of Error demanded that Bank of America immediately discontinue all litigation and collection efforts involving Homeowner.

11. In a letter dated March 12, 2015, Bank of America refused to substantively address Homeowner's concerns unless she provided written authorization from Mr. Joseph.

12. On April 1, 2015, Homeowner, through counsel, responded to Bank of America's March 12th correspondence. Homeowner informed Bank of America that its refusal to respond without authorization from Mr. Joseph was inadequate for two reasons: (1) Homeowner didn't request any information in the first Notice of Error so privacy concerns are irrelevant; she simply asked Bank of America to take action to investigate and correct the errors regarding the foreclosure, and (2) the fact that Mr. Joseph, and not Homeowner, is Bank of America's customer was precisely the reason for the error. Since Homeowner never joined the mortgage it was attempting to foreclose, Bank of America had no right to foreclose against her. Homeowner further stated that it is not possible for Homeowner to obtain assistance from the man who defrauded her, nor was there any valid reason for Bank of America to demand that she do so. Homeowner then again demanded Bank of America to investigate and correct the errors on her account. Bank of America failed to respond to Homeowner's April 1, 2015 correspondence, but continued to prosecute the foreclosure.

## COUNT I – VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

13. Homeowners re-allege and incorporate by reference the allegations in Paragraphs 1 through 12 above.

14. This is an action for actual damages, statutory damages, attorney's fees and litigation costs brought pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601.

15. The Consumer Financial Protection Bureau promulgates Regulation X under statutory authority arising from amendments to RESPA enacted through the 2010 Dodd Frank Wall Street Reform and Consumer Protection Act.

16. Regulation X (12 C.F.R § 1024.35 (e)) requires that upon receipt of a Notice of Error, the servicer must respond to the notice by either:

> (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance;
>
> or
>
> (B) Conducting a reasonable investigation and providing the Homeowner with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the Homeowners right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

17. Instead of complying with its unambiguous obligation under RESPA and investigating and correcting the errors on Homeowners' account, Bank of America willfully refused to undertake any investigation or make any corrections, thereby violating its express obligations under 12 C.F.R § 1024.35 (e)), and 12 U.S.C. § 2605(e).

18. In refusing to respond to her Notice of Error, Bank of America appears to have taken the position that Homeowner is not a "borrower" with respect to the subject mortgage. As noted above however, she was identified as the "borrower" in the mortgage document itself. Under analogous circumstances, Florida's Third District Court of Appeal has held that an individual who has a legally protected interest in the mortgaged property, but who did not execute the promissory note is a borrower." See *Smith v. Reverse Mortgage, Solutions, Inc., etc.*, —— So.3d ——, 2015 WL 4257632. (motions for rehearing and rehearing en banc pending *Edwards v. Reverse Mortgage Sols., Inc.*, 187 So. 3d 895, 896 (Fla. Dist. Ct. App. 2016), reh'g

denied (Mar. 28, 2016). Accordingly, Bank of America was not permitted to refuse to substantively respond to her Notice of Error.

19. As a result of Bank of America's violation of RESPA and 12 C.F.R § 1024.35 (e)), Homeowner has been damaged and therefore, is entitled to an award of actual damages, including statutory damages, attorneys' fees, and litigation costs. Homeowner's damages include attorney's fees related to legal services rendered in connection with the failed foreclosure lawsuit and the efforts to invoke the RESPA error resolution procedures, the costs of preparing and sending the RESPA/Regulation X correspondence and emotional distress arising from the unjustified collection activity and unjustified foreclosure lawsuit.

WHEREFORE, Homeowner demands trial by jury and the entry of judgment in the entire amount of her damages as determined at trial, together with an award of attorneys' fees and litigation costs.

## COUNT II – MALICIOUS PROSECUTION

20. Homeowners re-allege and incorporate by reference the allegations of Paragraphs 1 through 19 above.

21. This is an action for damages, including punitive damages, in excess of $75,000 exclusive of interest, attorneys fees, and litigation costs.

22. On or about January 9th, 2015 a lawsuit was commenced in the 15th Judicial Circuit in and for Palm Beach County seeking to foreclosure an asserted mortgage lien against Plaintiff's home.

23. Bank of America was the plaintiff and legal cause of the foreclosure lawsuit referenced in Paragraph 22 above. Homeowner was the defendant.

24. Bank of America did not have probable cause to commence or maintain that action because the judgment referenced in Paragraph 7 above extinguishing its claim was duly recorded, Bank of America was necessarily aware of that when it recorded its satisfaction, Homeowner notified Bank of America of that judgment when she filed her pro se answer, and Homeowner again notified Bank of America of that judgment through the summary judgment motion and RESPA Notices of Error that counsel prepared and delivered on her behalf.

25. The fact that Bank of America was repeatedly notified that its lien had been terminated by the judgement referenced in Paragraph 7 but pursued collection nevertheless, demonstrates that Bank of America was acting with malice when it filed and continued to prosecute the foreclosure action. This conclusion is further supported by email correspondence from the attorney representing Bank of America in the foreclosure litigation attached hereto, where Bank of America's attorney expresses actual knowledge of the judgment referenced in Paragraph 7, and the fact that Homeowner did not sign the mortgage or note. That email further notes related discussions between the attorney and her "client" i.e., a duly authorized representative of Bank of America.

26. Bank of America voluntarily terminated the foreclosure action and dismissed it without prejudice, after it secured payment from Mr. Joseph on June 9th, 2015. As in *Doss v. Bank of America*, 857 So.2d 991 (Fla. 5th DCA 2003), this demonstrate that Bank of America and its counsel were actually aware of a complete lack of probable cause to believe it had a valid claim against Homeowner. Accordingly, the voluntary dismissal of the foreclosure lawsuit constitutes a bona fide termination in favor of Homeowner on the merits.

27. By knowingly continuing to pursue the foreclosure of Homeowner's home when it had actual knowledge that it had no legal right to do so, Bank of America intentionally or

recklessly violated Homeowner's rights. Accordingly, an award of punitive damages is necessary to punish Bank of America for its intentional misconduct, and to deter it from repeating such misconduct in the future.

WHEREFORE, Homeowner demands trial by jury and the entry of judgment in the entire amount of her damages, including punitive damages together with an award of attorneys' fees and litigation costs.

**DEMAND FOR TRIAL BY JURY**

28. Homeowner demands trial by jury on all claims so triable.

Respectfully Submitted,

THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.

1999 N. University Dr. Suite 213
Coral Springs, FL 33071
(954) 942-5270
(F): (954) 942-5272
**By: /s/ JEFFREY N. GOLANT, ESQ.**
Fla. Bar No. 0707732
jgolant@jeffreygolantlaw.com
**ASHLEY R. EAGLE, ESQ.**
Fla. Bar No. 111463
aeagle@jeffreygolantlaw.com
*Attorneys for Plaintiff Yvonne Pierre-Noel*