**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 16-CV-81223-BLOOM

YVANNE PIERRE NOEL,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.
_________________________________________/

**BANK OF AMERICA, N.A.'S MOTION TO DISMISS COMPLAINT**

Defendant Bank of America, N.A. ("the Bank") hereby moves, pursuant to Rule 12(b)(6), for an order dismissing the Complaint for Damages (D.E. 1) filed by Plaintiff Yvanne Pierre Noel ("Plaintiff"), and in support thereof states as follows.

**PRELIMINARY STATEMENT**

Plaintiff sets forth claims for violation of the Real Estate Settlement Practices Act ("RESPA") under 12 C.F.R. § 1024.35 and for malicious prosecution. While RESPA allows a private right of action under certain regulations, 12 C.F.R. § 1024.35 does not provide for such right. Even if such right existed, Plaintiff has no standing to raise such claims because she is not a borrower. Plaintiff admits that she did not sign the note or the mortgage that form the basis of her claims. Moreover, Plaintiff's malicious prosecution claim fails as she has failed to establish actual malice and that she was the prevailing party in a prior action. Ultimately, this Honorable Court should dismiss the Complaint with prejudice due to the complaint's fatal deficiencies.

**MATERIAL ALLEGATIONS**

1) Plaintiff owns a home located in Palm Beach County, Florida (the "Property") with co-tenant Jean v. Joseph ("Mr. Joseph"). D.E. 1 ¶ 4.

2) Plaintiff does not identify what Property in Palm Beach County this complaint relates to.

3) Plaintiff alleges that she never authorized Mr. Joseph to obtain a mortgage on the Property and never executed a note or mortgage ("Mortgage"). *Id.* ¶ 5.

4) On January 24, 2005 Plaintiff obtained a final judgement in the 15th Judicial Circuit in and for Palm Beach County quieting title on the Property against Bank of America as to her interest in the property. ("Quiet Title Action"). *Id.* ¶ 7.

5) On October 27, 2014, the Bank initiated a foreclosure action in the 15th Judicial Circuit in and for Palm Beach County, Florida ("Foreclosure Action"). *Id.* ¶ 8.

*6)* The foreclosure complaint was allegedly verified by the Bank. *Id.* ¶ 8.

7) On February 12, 2015, Plaintiff filed a Motion for Summary Judgment ("MSJ") alleging that the Bank is collaterally estopped from asserting a lien on the property by virtue of the judgment in the Quiet title Action. *Id.* ¶ 9.

8) On February 27, 2015, Plaintiff sent a Qualified Written Request containing a Notice of Error (the "QWR"). *Id.* ¶ 10.

9) Although Plaintiff does not state where and to whose attention she sent the QWR, Plaintiff alleges that the QWR alerted the Bank to the Quiet Title Action and demanded that the Bank discontinue all litigation and collection efforts involving Plaintiff. *Id.*

10) A copy of the QWR is not attached to the Complaint.

11) On March 12, 2015, the Bank allegedly refused to address Plaintiff's concerns. *Id.* ¶ 11.

12) A copy of the response to the QWR is not attached to the Complaint.

13) On April 1, 2015, Plaintiff sent a second letter to the Bank indicating that the Bank's response to the QWR was inadequate and demanding that the Bank correct the errors on her account. ("April 1, 2015 Correspondence"). *Id.* ¶ 12.

14) It is unclear what account Plaintiff is referring to, since she alleges she is not a customer of the Bank. *Id.*

15) A copy of the April 1, 2015 Correspondence is not attached to the complaint.

16) According to Plaintiff, the Bank failed to respond to the April 1, 2015 Correspondence, but instead continued to prosecute the foreclosure. *Id.*

17) Based on these allegations Plaintiff brings causes of action for RESPA violations and for malicious prosecution. Plaintiff seeks attorney's fees, statutory damages, actual damages, emotional distress damages, and punitive damages.

## LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557) (alteration in original).

When reviewing such a motion, a court, generally, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance,* 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA*

*Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.").

A court considering a Rule 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") *citing Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002).

## <u>ARGUMENT</u>

### A. Plaintiff's RESPA Claim Should Be Dismissed

Plaintiff cannot prevail on her RESPA claim because there is no private right of action under 12 C.F.R. § 1024.35. Even if there were a private right of action, Plaintiff lacks standing to assert a claim because she is not a borrower under the Mortgage. Plaintiff has also failed to properly allege damages under RESPA so as to withstand a motion to dismiss. The complaint lacks allegations regarding a "pattern or practice" of noncompliance by the Bank that would support a statutory damages claim. The complaint is also devoid of facts to causally link her damages with the Bank's alleged failure to respond to the QWR to her satisfaction.

#### *1. Plaintiff Does Not Have a Private Right of Action under 12 C.F.R. § 1024.35*

This claim for RESPA violation should be dismissed because there is no private right of action under 12 C.F.R. § 1024.35. Where the RESPA regulation does not provide for a private

cause of action, one will not be implied. *E.g., Brown v. Bank of N.Y. Mellon*, No. 1:16-cv-194 (LMB/IDD), 2016 U.S. Dist. LEXIS 61467, at *3 (E.D. Va. May 9, 2016) (holding that defendants correctly argued that 12 C.F.R. §§ 1024.35, 1024.39, and 1024.40 do not explicitly provide a cause of action to private individuals) *citing Miller v. HSBC Bank U.S.A., N.A.*, No. 13 Civ. 7500, 2015 U.S. Dist. LEXIS 16736, 2015 WL 585589, at *11 (S.D.N.Y. Feb. 11, 2015) ("[Plaintiff's] 'claim' based upon 12 C.F.R. § 1024.35 . . . fails because that regulation does not provide a private right of action for damages."); *Gresham v. Wells Fargo Bank*, N.A., No. 15-40748, 2016 U.S. App. LEXIS 5232, at *3 (5th Cir. Mar. 21, 2016) (stating that "[u]nlike Section 1024.41, Section 1024.39 does not explicitly convey a private right of action to borrowers" and that "[a]t least one court has held that 12 C.F.R. § 1024.35, which incorporates violations of § 1024.39, does not provide a private right of action for damages"); *Schmidt v. Pennymac Loan Services*, LLC, 106 F. Supp. 3d 859, 867 (E.D. Mich. 2015) ("[N]o private cause of action is available to enforce 12 C.F.R. § 1024.40."); *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 538 n.4 (E.D.N.Y. 2015) (citing *Miller* and noting that there is no private cause of action for an alleged violation of Section 1024.35). Based on the clear language of the regulation, the only effect that receipt of a notice of error has is to prohibit a mortgage servicer, for sixty days after receipt of a notice of error, from furnishing "adverse information to any consumer reporting agencies regarding any payment that is the subject of the notice of error." *Miller*, 2015 U.S. Dist. LEXIS 16736, at *11 (citations omitted). Accordingly, Plaintiff cannot proceed with a claim under 12 C.F.R. § 1024.35.

***2. Plaintiff Has no Standing Because She Is Not a Borrower***

Plaintiff lacks standing to bring this RESPA action because she is not a "borrower". ¶ 4.

It is black letter law that a contract can only be enforced by or against those who are party to it. *Woods v. Christensen Shipyards, Ltd.*, No. 04-61432-CIV-ZLOCH, 2005 U.S. Dist. LEXIS 42994, at *10 (S.D. Fla. Sep. 23, 2005) *citing E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."). Plaintiff has alleged that she is not a party to the Mortgage. D.E. 1 ¶ 5.

Courts have consistently dismissed RESPA claims where plaintiffs did not sign the mortgage documents or otherwise obligate themselves under the mortgage loan. *See Johnson v. Ocwen Loan Servicing*, 374 Fed. Appx 868, 873–74 (11th Cir. 2010) (holding that the plaintiff lacked standing because he "was not a borrower or otherwise obligated on the Ocwen loan") (citations omitted); *Santiago v. Bismark Mortg. Co., LLC*, No. 10-00467 SOM/KSC, 2011 U.S. Dist. LEXIS 22693, at *11 (D. Haw. Mar. 4, 2011) (holding that non-borrower wife had no standing to sue under RESPA) *citing Thomas v. Guild Mortg. Co.*, No. CV 09-2687-PHX-MHM, 2011 U.S. Dist. LEXIS 17814, at *9–12 (D. Ariz. Feb. 23, 2011) (granting summary judgment on RESPA and TILA claims for lack of standing because the plaintiff was not a party to the mortgage); *Cleveland v. Deutsche Bank Nat'l Trust Co.*, No. 08cv0802 JM(NLS), 2009 U.S. Dist. LEXIS 7165, at*4–5 (S.D. Cal. Feb. 2, 2009) (dismissing TILA, RESPA, fraud, and other claims of a plaintiff whose wife took out a mortgage, reasoning that "someone who is not a party to [a] contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party"); *Brockington v. J.P. Morgan Chase Bank, N.A.*, No, C-08-05795 RMW, 2009 U.S. Dist. LEXIS 56622, at *6–9 (N.D. Cal. July 1, 2009) ("equitable owner" of property who had daughter obtain refinance loan, "has no standing to challenge [bank's] conduct in connection with extending the mortgage loan [to borrower] or to

assert a claim for unlawful concealment of facts by defendants in such transaction to which she was not a party."); *In re Juliette Collado*, No. 10-3019-BKC-AJC-A, 2010 Bankr. LEXIS 2859, at*6–7 (Bankr. S.D. Fla. Aug. 13, 2010) (plaintiff who obtained ownership of property by way of quit claim deed lacked standing to assert claims to reform promissory note and fraud because "Plaintiff was not and is not a party to the loan"); *Aldana v. Bank of Am., N.A.*, No. CV 14-7489-GHK FFMX, 2014 U.S. Dist. LEXIS 166460, at *7–9 (C.D. Cal. Nov. 26, 2014) (dismissing RESPA claim where the plaintiff was "not a borrower, did not assume obligations under the loan, and was not a third-party beneficiary of the [Deed of Trust]").

Plaintiff acknowledges that she "never executed the mortgage or any related documents." D.E. 1 ¶ 5. She alleges that she informed the Bank that "Mr. Joseph, and not Homeowner, is Bank of America's customer." *Id.* ¶ 12. She adds that "Homeowner never joined the mortgage." *Id.* It undisputable that Plaintiff has no standing to claim under RESPA because she is not a borrower.

Plaintiff's bad faith in asserting this claim is evident from the complaint. Plaintiff misquotes the very regulation on which she relies. In quoting 12 C.F.R. § 1024.35(e)(1)(i)(B), she intentionally inserts the word "Homeowner" in place of the word "borrower" actually contained in the regulation. D.E. 1 ¶ 16. Plaintiff quotes the section as:

> Conducting a reasonable investigation and providing the **Homeowner** with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the **Homeowners** [sic] right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

*Id.* (emphasis added) In fact, that section of the regulation says nothing about "homeowners."

That section refers strictly and only to borrowers as follows:

> Conducting a reasonable investigation and providing the **borrower** with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the **borrower's** right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

12 C.F.R. § 1024.35(e)(1)(i)(B) (emphasis added). Plaintiff adamantly alleges that she did not sign the Mortgage and never had any obligations under it. However, in order to obtain damages for the violation of some right that she knows she is not entitled to vindicate, Plaintiff purposefully misrepresents the provisions of this regulation. Such misrepresentation warrants dismissal of her claim with prejudice, rather than a reward in the form of damages.

As part of her misrepresentations, Plaintiff seeks to be treated as a borrower, even though she repudiates any obligation under the Mortgage because she did not sign it. In paragraph 18 of the complaint, Plaintiff cites to *Edwards v. Reverse Mortgage Solutions, Inc.*, 187 So. 3d 895, 896 (Fla. 3d DCA 2016), and *Smith v. Reverse Mortgage Solutions, Inc.*, No. 3D13-2267, 2015 Fla. App. LEXIS 10714 (Fla. 3d DCA July 15, 2015). In both of those cases, the spouses who did not sign the promissory notes were deemed to be borrowers because they executed the mortgages. In executing the respective mortgages, the spouses of the borrowers assumed obligations under those mortgages.

However, here Plaintiff alleges that she did not sign the Mortgage or any related documents. D.E. 1 ¶ 5. Plaintiff alleges that, because she never executed the Mortgage, she did not assume any obligations under the Mortgage, including the obligation to pay for Mr. Joseph's debt. Nor did she grant the Bank the right to foreclose on the Property. If Plaintiff's allegations

are taken as true, she cannot then claim to be a borrower for the purpose of Regulation X. Plaintiff's misrepresentation of the holding in *Smith* and *Edwards* does not change the fact that she has no standing to claim under 12 C.F.R. § 1024.35. Therefore, this count must be dismissed with prejudice because no amendment can cure this fatal defect in her claim.

***3. Plaintiff Fails to Allege a Pattern or Practice under RESPA***

In addition to the fatal deficiencies described above, Plaintiff has also failed to properly allege damages. Plaintiff alleges that she is owed statutory damages under RESPA. D.E. 1 ¶ 19. To maintain a claim for statutory damages, the plaintiff must allege "a pattern or practice of noncompliance." *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009) (holding that failure to respond to two letters under RESPA did not establish a pattern or practice of non compliance) *citing* 12 U.S.C. § 2605(f)(1)(B). Courts have interpreted the term "pattern or practice" in accordance with the usual meaning of the words. *See In re Maxwell*, 281 B.R. 101, 123 (Bankr. D. Mass. 2002) (citing *Cortez v. Keystone Bank, Inc.*, No. 98-2457, 2000 U.S. Dist. LEXIS 5705, 2000 WL 536666, *10 (E.D. Pa. May 2, 2000)). "The term suggests a standard or routine way of operating." *In re Maxwell*, 281 B.R. at 123; *In re Tomasevic*, 273 B.R. 682 (Bankr. M.D. Fla. 2002) (failure to respond to one qualified written request did not amount to a "pattern or practice").

Here, Plaintiff has only alleged one instance of an alleged RESPA violation based on a dissatisfactory QWR response. D.E. 1 ¶¶ 10–12. This Court has noted that failing to respond at all to five QWRs would reflect a pattern of noncompliance with RESPA. *Russell v. Nationstar Mortg.*, LLC, No. 14-61977-CIV-BLOOM/VALLE, 2015 U.S. Dist. LEXIS 113144, at *10 (S.D. Fla. Aug. 26, 2015) *citing Ploog v. HomeSide Lending, Inc.*, 209 F. Supp. 2d 863, 869

(N.D. Ill. 2002). Here, Plaintiff has not pled any facts that would support a pattern or practice of noncompliance with RESPA by the Bank that would justify a request for statutory damages. Plaintiff has only alleged that the Bank failed to respond to one letter from Plaintiff, the April 1, 2015 Correspondence. The Bank responded to the QWR that Plaintiff sent on February 27, 2015, even though Plaintiff was not satisfied with the response. Thus, Plaintiff's statutory damages request should be dismissed for failure to state a cause of action.

***4. Plaintiff Fails to Plead Sufficient Facts to Support an Actual Damages Claim***

In addition to statutory damages, Plaintiff seeks actual damages including attorney's fees she incurred in connection with a failed foreclosure lawsuit and the efforts to invoke the RESPA resolution procedures, as well as emotional distress damages. D.E. 1 ¶ 19.

To sufficiently state a claim under RESPA, a plaintiff must clearly allege the nature and extent of damages sought as well as a causal link between the damages and RESPA violations. *Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1145 (D. Colo. 2013); *HSBC Bank USA, Nat'l Trust Co. v. Teagarden*, No. 2012-T-0091, 2013 WL 6869858, at *68 (Ohio Ct. App. Dec. 31, 2013) ("actual damages must be pled as part of any RESPA claim and any alleged loss must be related to the alleged RESPA") (internal quotations omitted). To recover for emotional distress experienced as the result of a RESPA violation, a plaintiff "must plead a plausible causal connection for her emotional damages." *Zaychick v. Bank of Am., N.A.*, No. 9:15-CV-80336, 2015 U.S. Dist. LEXIS 153927, at *5–10 (S.D. Fla. Nov. 12, 2015) (dismissing RESPA claims and finding that plaintiff failed to plead a plausible causal connection to entitle her to emotional damages); *Dent v. Inv. Corp. of Am.*, No. 15-cv-11268, 2015 U.S. Dist. LEXIS 174562, at *12 (E.D. Mich. Dec. 23, 2015) (stating that general allegation of "emotional strain of living under



**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

fear of losing their home to foreclosure" is insufficient to sustain a claim under RESPA.); *Szczodrowski v. Specialized Loan Servicing, LLC,* No. 15-10668, 2015 U.S. Dist. LEXIS 57327, at *17 (E.D. Mich. May 1, 2015) (stating that "mere 'stress' is not enough to meet the minimum pleading standards under RESPA"); *Lage v. Ocwen Loan Servicing LLC*, No. 14-cv-81522-BLOOM/VALLE, 2015 U.S. Dist. LEXIS 156658, at *57 (S.D. Fla. Nov. 18, 2015) (stating that plaintiffs failed to distinguish their stress and emotional harm from the harm arising from the foreclosure action itself and that the flaw in plaintiffs' purported emotional harm is not the validity of its harm itself but whether plaintiffs have demonstrated the necessary causal link between the servicer's action and the emotional harm suffered).

Here, it is unclear what actual damages and emotional distress Plaintiff is claiming occurred and how the distress is related to the Bank's alleged failure to adequately respond to a letter. Plaintiff alleges that the distress arises from an "unjustified collection activity and unjustified foreclosure lawsuit." D.E. ¶ 19. However, there are no allegations to identify what "collection activity" caused Plaintiff damages and how she was damaged. D.E. ¶ 19. Plaintiff does not allege that the Bank sought to collect any money from her, or foreclose her one-half interest in the property, or that her credit was in any way damaged. In sum, the complaint does not support her contention that she was damaged in any way by being listed as a defendant in the Foreclosure Action. Moreover, Plaintiff alludes to a fraud by Mr. Joseph in obtaining the Mortgage, but does not allege sufficient facts to establish a causal connection between Mr. Joseph's conduct and the damages she now seeks from the Bank. D.E. 1 ¶¶ 5, 12.

Plaintiff also alleges that she is seeking attorney's fees related to legal fees she incurred in connection with the failed foreclosure lawsuit. However, the email correspondence she

attaches as an exhibit to the complaint makes clear that Plaintiff moved for fees and costs in the Foreclosure Action. D.E. 1 ¶ 19. Although Plaintiff is careful to make the complaint as vague as possible, two conclusions can be derived from the email attached to the complaint. If Plaintiff was successful in her motion, she has been made whole and cannot recover again in this action. If she was unsuccessful in her motion, she was not entitled to recover the fees and costs she incurred in the Foreclosure Action. Either way, Plaintiff should not recover here the fees and costs that she either recovered or was not entitled to recover in the Foreclosure Action.

**B. Plaintiff's Malicious Prosecution Claim Must Be Dismissed**

The claim for malicious prosecution fails because it is barred by the litigation privilege and does not meet all of the elements of the claim.

***1. The Litigation Privilege Bars Plaintiff's Malicious Prosecution Claim***

The Florida Supreme Court has ruled that any act occurring within or having some relation to litigation is absolutely privileged. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 3d 606, 608 (Fla. 1994) ("In balancing policy considerations, we find that absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding."). The court recognized that the privilege may actually "bar recovery for bona fide injuries." *Id.* However, the court found that the balance of policy considerations favors the absolute application of the privilege because litigants should "be free to use their best judgment in prosecuting or defending a lawsuit **without fear of having to defend their actions in a subsequent civil action** for misconduct." *Id.* (emphasis added) Injured litigants are not

without recourse. Litigants who engage in misconduct, the court stated, are susceptible to disciplinary action. *Id.* at 609–09. ("Clearly, a trial judge has the inherent power to do those things necessary to enforce its orders, to conduct its business in a proper manner, and to protect the court from acts obstructing the administration of justice. In particular, a trial court would have the ability to use its contempt powers to vindicate its authority and protect its integrity by imposing a compensatory fine as punishment for contempt."). The supreme court reiterated this principle more broadly when it held that the privilege applies to any claim, whether statutory or at common law. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 380–81 (Fla. 2007) ("We . . . hold that the litigation privilege applies in all causes of action, statutory as well as common law."). The supreme court has not carved out any exception to the litigation privilege, even for a malicious prosecution claim.

Here, Plaintiff's malicious prosecution claim is based on the allegation that the Bank filed the Foreclosure Action, naming her as a defendant. D.E. 1 ¶¶ 22–23. The filing of a foreclosure complaint is an act that is protected by the litigation privilege because it is necessarily related to litigation. *Wolfe v. Foreman*, 128 So. 3d 67, 71 (Fla. 3d DCA 2013) ("The filing of a complaint, which initiates the judicial proceedings, obviously 'occurs during the course of a judicial proceeding' and 'relates to the proceeding.'"). The Bank's prosecution of the Foreclosure Action is also necessarily related to litigation. Therefore, the Bank cannot be liable in this subsequent action for any conduct that took place during and in connection with the Foreclosure Action.[1]

[1] There is a conflict among district courts of appeal as to whether the litigation privilege bars claims for malicious prosecution. *E.g., Fischer v. Debrincat*, 169 So. 3d 1204 (Fla. 4th DCA 2015) (holding that the litigation privilege does not bar malicious prosecution claims and certifying the conflict). However, those decisions are based on the idea that the broad application of the privilege to all causes of action—whether at common law or statutory—"could not have been intended to 'sweep so broadly' as to provide absolute immunity from liability for malicious prosecution." *Id.* at 1208. The *Fischer* holding does not take into account that the supreme court recognized that meritorious claims could actually be barred by application of the privilege and that injured parties had recourse in the original proceedings without resorting to a subsequent action. *Levin*, 639 So. 2d at 608–09.

***2. Plaintiff Fails to Allege the Elements of a Malicious Prosecution Claim***

To plead a claim for malicious prosecution under Florida law, Plaintiff must allege the following elements:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994). "The failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution." *Id.* "In the context of a claim for malicious prosecution, malice means without reasonable cause, out of ill will, animosity and with a desire to do harm for harm's sake," "may be inferred entirely from a lack of probable cause," and "may be alleged generally." *Rivas v. Figueroa*, No. 11-23195-CIV, 2012 U.S. Dist. LEXIS 54333, at *12–13 (S.D. Fla. Apr. 18, 2012) (*quoting Adams v. Whitfield*, 290 So. 2d 49, 51 (Fla. 1974) and Fed. R. Civ. P. 9(b)).

***a. There Was no Malice in Filing the Original Proceeding***

Here, Plaintiff alleges that she and Mr. Joseph owned the Property together in West Palm Beach, Florida. D.E. 1 ¶ 4. Mr. Joseph obtained a loan and mortgaged the Property. *Id.* ¶ 5. Plaintiff never signed any of the loan documents, including the Mortgage or the note. *Id.* Although vaguely pled, Plaintiff appears to also allege that the Bank did not have the right to commence the Foreclosure Action on the basis that title was quieted in her favor by virtue of the Quiet Title Action. D.E. 1 ¶¶7,24. However, the Quiet Title Action only quieted title in one half

of the Property and left the other half of the property encumbered by the Mortgage. A true and correct copy of the Final Judgment in the Quiet Title Action is attached hereto as Exhibit A. The judgment in the Quiet Title Action is also flawed in that it contains an inaccurate legal description and was not served properly on the Bank. Nevertheless, the Quiet Title Action did not quiet title as to the entire Property and thus, the Bank would not have been precluded from foreclosing on the Mortgage Mr. Joseph obtained. Despite this, Plaintiff alleges that the filing of the Foreclosure Action constituted malicious prosecution against her. *Id.* ¶ 23.

Conveniently, the allegations are silent as to whether the complaint sought to foreclose Plaintiff's interest in the property or Mr. Joseph's interest in the property. However, Plaintiff alleges that the Bank voluntarily dismissed the action after it settled the account with Mr. Joseph. *Id.* ¶ 26. The allegations fail to establish that the Bank acted out of ill will, animosity, and with a desire to harm Plaintiff. Additionally, as discussed below, the presence of probable cause for the Bank to file the Foreclosure Action demonstrates the absence of malice.

***b. Dismissal of the Foreclosure Action Did Not Constitute a Bona Fide Termination of that Proceeding in Favor of Plaintiff.***

The complaint fails the third prong of the malicious prosecution test. *See Alamo Rent-A-Car*, 632 So. 2d at 1355. There was no bona fide termination in Plaintiff's favor. A bona fide termination is one where the termination of the first suit demonstrates that the original action lacked merit. *Doss v. Bank of Am., N.A.*, 857 So. 2d 991, 994 (Fla. 5th DCA 2003). Moreover, although the total circumstances surrounding termination of a lawsuit are to be considered, "…lawsuits that end as the result of settlements or joint stipulations generally do not clearly demonstrate the lack of merit of the first suit, they are usually found insufficient to constitute "bona fide terminations" of the prior litigation". *Id.* at 996 (citations omitted).

Here, the complaint alleges that the Foreclosure Action was voluntarily dismissed without prejudice because Mr. Joseph paid off the debt. D.E. 1 ¶ 26. The fact that the Bank recovered the unpaid amount on its loan demonstrates that the Foreclosure Action was not meritless. Therefore, the proceeding was not terminated in favor of Plaintiff at all, but was dismissed voluntarily due to Mr. Joseph's settlement with the Bank. *Id.*

***c. There Was Probable Cause for the Original Proceeding.***

The complaint fails the fourth prong of the malicious prosecution test. *See Alamo Rent-A-Car*, 632 So. 2d at 1355. Plaintiff admits that Mr. Joseph took out a loan on the Property and that Mr. Joseph paid off the debt after the Bank filed the Foreclosure Action. *Id.* ¶¶ 4, 5, 26. Mr. Joseph's payment demonstrates that the Bank had a valid debt owed secured by the Mortgage on the Property. Therefore, the complaint shows that the Bank had probable cause to file the Foreclosure Action.

Plaintiff's reliance on *Doss* for the proposition that the dismissal demonstrates the absence of probable cause is misguided. D.E. 1 ¶ 26. In *Doss*, the plaintiff in the original proceeding recovered nothing. To the contrary, the original plaintiff *paid* the original defendant to resolve the action. The facts alleged here are the opposite of the facts in *Doss*, rendering that decision inapplicable here.

Moreover, there was probable cause for including Plaintiff as a party in the Foreclosure Action. Plaintiff alleges she owns one half of the Property with Mr. Joseph. D.E. 1 ¶4. In order for the Bank to accomplish complete joinder and a full adjudication of foreclosure, Plaintiff had to be named as an indispensable party to the Foreclosure Action. *See Citibank, N.A. v. Villanueva*, 174 So. 3d 612, 613 (Fla. 4th DCA 2015)(vacating foreclosure judgment where title owners at the time of foreclosure, to whom the real property had been quit-claimed, were not named in the foreclosure action); *Oakland Props. Corp. v. Hogan*, 96 Fla. 40, 117 So. 846, 848

(Fla. 1928) ("One who holds the legal title to mortgaged property is not only necessary, but is an indispensable, party defendant in a suit to foreclose a mortgage."); *English v. Bankers Trust Co. of Cal., N.A.*, 895 So. 2d 1120, 1121 (Fla. 4th DCA 2005)( holding that because the undisputed owner of a property was not a party to the first suit, the initial foreclosure judgment could not result in a valid sale, as the owner of the fee simple title was an indispensable party); *Sudhoff v. Fannie Mae*, 942 So. 2d 425, 428 (Fla. 5th DCA 2006)(analyzing that while courts allow plaintiff-mortgagees to proceed without full joinder of all parties, the judgement's effectiveness may be limited by incomplete joinder)(citations omitted).

The complaint admits that there was probable cause to file the foreclosure action in that Mr. Joseph obtained a mortgage and did not pay it off until after the Foreclosure Action had been filed. D.E. ¶¶4,26. Had the Bank not included Plaintiff in the Foreclosure Action and obtained judgment against Mr. Joseph on his portion of the property, Plaintiff's rights to the property would have been affected because Plaintiff is a record owner of the property. Therefore, Plaintiff's malicious prosecution claim fails and should be dismissed with prejudice.

#### *d. Plaintiff Fails to Plead Damages Adequately*

The complaint also fails the sixth prong of the malicious prosecution test because Plaintiff has failed to fully allege damages as more fully discussed above. *See* sec. A. (4).

### C. Plaintiff's Claim for Punitive Damages Should Be Stricken

Punitive damages are not appropriate in this case because Plaintiff has failed to allege the character of negligence necessary to sustain a request for punitive damages, thus the punitive damages demand should be stricken. *Burdick v. Bank of Am.*, 140 F. Supp. 3d 1325, 1332 (S.D. Fla. 2015) *citing Chrysler v. Wolmer*, 499 So. 2d 823, 824 (Fla. 1989) ("The character of negligence necessary to sustain an award of punitive damages must be of 'a gross and flagrant

character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to the consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.'"). Here, there are no allegations that the Bank's conduct was in such gross and flagrant disregard for Plaintiff's life, safety or rights. The Bank simply filed the Foreclosure Action upon Mr. Joseph's failure to pay his debt. Mr. Joseph executed the Mortgage to secure his loan. The Bank dismissed the Foreclosure Action upon Mr. Joseph's payment of the loan. The Bank resorted to judicial recourse and took nothing from Plaintiff. Nothing in the complaint even suggests that the Bank acted in contravention to Plaintiff's rights. Therefore, the request for punitive damages should be stricken.

**WHEREFORE**, Bank of America, N.A. requests that this Court dismiss Plaintiff's complaint with prejudice and grant any and all relief that this court deems equitable and just.

Respectfully submitted,

/s/ Gabrielle Gonzalez

ARIEL ACEVEDO
Florida Bar No. 946001
E-mail: aa@lgplaw.com
GABRIELLE GONZALEZ
Florida Bar No. 103036
E-mail: gg@lgplaw.com
Attorneys for Bank of America, N.A.
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626

**CASE NO.: 16-CV-81223-BLOOM**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of August, 2016, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Gabrielle Gonzalez
GABRIELLE GONZALEZ

Jeffrey N. Golant, Esquire
Ashley R. Eagle, Esquire
The Law Offices of Jeffrey N. Golant, P.A.
1999 N. University Dr.
Suite 213
Coral Springs, FL 33071
jgolant@jeffreygolantlaw.com
aeagle@jeffreygolantlaw.com